GEORGE BRADSHAW and MARY T. BRADSHAW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bradshaw v. Commissioner
Docket No. 5820-76.
United States Tax Court
T.C. Memo 1978-97; 1978 Tax Ct. Memo LEXIS 417; 37 T.C.M. (CCH) 445; T.C.M. (RIA) 780097; March 9, 1978, Filed *417 George Bradshaw, pro se Michael R. McMahon, for the respondent SCOTT
MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in income tax of petitioners for the calendar year 1972 in the amount of $5,951.05. The issues for decision are whether respondent properly increased petitioners' income as reported from real estate transactions and properly disallowed depreciation in the amount of $934.96 claimed by petitioners on a pick-up truck. FINDINGS OF FACT Petitioners, husband and wife, resided in Snohomish, Washington at the time of the filing of their petition in this case. They filed a joint Federal income tax return for the calendar year 1972 with Internal Revenue Service Center, Ogden, Utah. Petitioners' 1972 income tax return listed Mr. Bradshaw's occupation as "Real Estate" and listed no occupation for Mrs. Bradshaw. Included with petitioners' 1972 return were three Schedule C forms for "Profit (or Loss) From Business or Profession." One of these Schedule C forms purported to report income from a "Real Estate" business. This Schedule C form reported in summary the following: Gross Receipts
$ 2,849.54
Less - Cost of Goods Sold
2,002.19
Gross Profit
847.35
Total Deductions
12,619.68
Net Profit (or Loss)
($11,772.33)
*418 Included in the total deductions of $12,619.68 which were itemized on the Schedule C form was $2,621.25 listed as "Mileage 24125." Also among the itemized expenses of $12,619.68 deducted on this Schedule C form was depreciation of $1,523.88. The schedule explaining this depreciation deduction included in the items listed "Pick-up - 1971" on which depreciation for 1972 was shown as $934.96. Also included in the total deductions of $12,619.68 shown on this Schedule C form was the amount of $1,872.08 listed as "Interest on business indebtedness." Petitioner had his 1972 return prepared by an accountant who has since died. Petitioner furnished this accountant with records which he had maintained during the year 1972 on columnar paper. One page of these records showed amounts received as payments on real estate in 1972 of $32,496.88. Another page of these records showed interest expenses with respect to the real estate of $1,872.08 and price of the real estate of $1,874.19. Mr. Bradshaw did not know where the accountant obtained the figures for sales and cost of sales used on his 1972 income tax return. Respondent in his notice of deficiency increased sales as reported by *419 $21,994.83. This adjustment was explained as follows: It is determined that during the taxable year ended December 31, 1972 you received gross income from your activities as a real estate dealer in the amount of $24,844.37. This exceeded the $2,849.54 reported on your return by $21,994.83. Accordingly, your taxable income is increased in the amount of $21,994.83. See attached Schedule 2. The Schedule 2 attached showed the $24,844.37 gross income from real estate to be computed as follows: Total Payments to
Principal Received
$32,496.88
Less Contract Purchases
$3,197.86
Less Sales of Personal
Residence
3,063.48
Less Sales of Inherited
Property
1,391.17
7,652.51
Gross Receipts
$24,844.37
Respondent explained his disallowance of "auto" depreciation in the amount of $934.96 as follows: It is determined that the deduction of $934.96 claimed as pick up depreciation is not allowed because you elected to compute the pick up expenses using the optional mileage rate in lieu of the actual expense. Accordingly, your taxable income is increased in the amount of $934.96. Respondent computed petitioners' corrected net profit from the real estate *420 business as follows: Net profit per return
($11,772.33)
Plus adjustments A and B
22,929.79
Corrected net profit
$11,157.46
OPINION The deficiency as determined by respondent is presumed to be correct and the burden is on petitioners to show error in that determination. Petitioners in this case have totally failed to show error in respondent's determination. In fact petitioners' records support respondent's determination. The total sales shown on petitioners' records are the exact amount used in respondent's computation. Respondent allowed all costs claimed by petitioners, including an amount of costs of goods sold slightly higher than that shown by petitioners' records, except depreciation on a pick-up truck. It appears that petitioners' claimed deduction for expense of the pick-up truck was computed on the basis of the mileage driven. Respondent determined that this claimed deduction included depreciation, and this record is devoid of any evidence to show to the contrary. Decision will be entered for the respondent.